**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| OSCAR AMILCAR PRADO-RAMIREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-940-J |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Oscar Amilcar Prado-Ramirez, a citizen of Guatemala, is currently in the custody of Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Petition) seeking release, or in the alternative, a bond hearing. The matter was referred to United States Magistrate Judge Amanda L. Maxfield consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Maxfield issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and order Respondents to provide Petitioner with an individualized bond hearing, as required under 8 U.S.C. § 1226(a) and due process, within seven days or otherwise release him; and (2) require the Government to bear the burden at the bond hearing to prove by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community to justify continued detention. (Rep. & Rec.) [Doc. No. 10]. Respondents filed a timely Objection (Obj.) [Doc. No. 11], triggering de novo review. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

## I.    Background

Petitioner entered the United States in April 2019. Petition ¶ 15. At that point in time, he was "not then admitted or paroled after inspection by an Immigration Officer." *Id.* Ex. 3 at 2. Shortly thereafter, he was released from ICE custody on an Order of Release and Recognizance

under 8 U.S.C. § 1226.  [Doc. No. 9-2].  In November 2025, Petitioner was taken into custody by local law enforcement on charges of resisting arrest and obstruction.  Petition ¶ 20.  ICE placed a detainer with the county jail and—after the criminal charges were dismissed—re-detained Petitioner on November 26, 2025.  *Id.* ¶ *21*; *see also id.* Ex. 2 at 3.  Petitioner asserts he did not have a "meaningful opportunity to contest his detention prior to being taken into ICE custody" and that he has not "been afforded a constitutionally adequate bond hearing in which the government bears the burden to justify his continued detention."  *Id.* ¶ 22.

Petitioner was subsequently issued a Notice to Appear, which states Petitioner is "an alien present in the United States without being admitted or paroled."  *Id.* Ex. 2 at 2.  Petitioner's removal proceeding remains ongoing and he has filed a Form I-589 Application for Asylum.

## II.    **Report and Recommendation**

Upon review, Judge Maxfield concludes that Petitioner is not seeking admission as contemplated under 8 U.S.C. § 1225(b)(2)(A) and thus 8 U.S.C. § 1226(a) controls his detention.  As such, Petitioner's continued detention without a bond hearing violates the Immigration and Nationality Act.  *See* Rep. & Rec. at 8–12.  Judge Maxfield further concludes that due process also entitles Petitioner to a bond hearing and as such, the Court should require the Government to bear the burden to prove by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community to justify continued detention.  *See id.* at 12–24.

## III.    **Analysis**

Respondents first object to Judge Maxfield's conclusion that § 1226(a) controls Petitioner's detention.  *See* Obj. at 1–2.  Although employing a de novo review, the Court declines to engage in lengthy analysis.  This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation.  *See Rawal v. Figueroa*, No. CIV-

2

26-354-J, 2026 WL 1232291, at *1 (W.D. Okla. May 5, 2026). Unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

Respondents also object to Judge Maxfield's conclusion that Petitioner's lack of hearing violates due process and that at any bond hearing, the burden should be on the Government. *See* Obj. at 2–5. However, the Court declines to address Petitioner's due process claim thus mooting the objection. Additionally, the Court finds that the issue of burden shifting is premature and not fit for adjudication at this stage. A claim is not ripe for adjudication if it rests upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–581 (1985). At this time, no immigration judge has conducted a hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework. Accordingly, the Court declines to issue an advisory opinion instructing application of a particular burden of proof. *See Rawal*, 2026 WL 1232291, at *1 (declining to prospectively order Immigration Judge to adhere to specific burden of proof at the bond hearing); *Hernandez v. Mullin*, No. CIV-26-475-R, 2026 WL 1625669, at *3 (W.D. Okla. June 5, 2026); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026); *Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026); *Jalloh v. Garland*, No. CIV-22-908-R, 2023 WL 3690252, at *2 (W.D. Okla. May 26, 2023).

## IV.    Conclusion

For the reasons above, the Report and Recommendation [Doc. No. 10] is ADOPTED IN PART and Petitioner's Petition is GRANTED in so far as it finds Respondents violated the Immigration and Nationality Act. The Court, therefore, ORDERS Respondents to provide

Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this

Order, or otherwise release Petitioner if he has not received the hearing within that period.

A separate judgment will enter.

IT IS SO ORDERED this 11th day of June, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE